IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LATONIA THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 2:07-cv-421-WKW |
| COUNTRY COTTAGE and JERRY SCOTT, | * | TRIAL BY JURY DEMANDED |
| Defendants. | * | |

## COMPLAINT

COMES NOW Plaintiff, against the above-captioned defendants and would show unto the Court as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 and the doctrine of supplemental jurisdiction, to obtain compensatory and punitive damages. The defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e, et seq.).

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

3. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the date of the last discriminatory act.

4. Plaintiff has thus satisfied jurisdictional requirements and conditions precedent to the bringing of the action.

**PARTIES**

5. Latonia Thomas (hereinafter, "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of a protected class, female, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

6. Defendant Country Cottage, (hereinafter sometimes referred to as, "employer"), whose further identity is presently unknown to Plaintiff as a business entity, believed to be incorporated under the laws of Alabama. At all times material hereto, Country Cottage maintained offices and did business in Montgomery County, Alabama, with a place of business located at 235 Sylvest Dr - Montgomery, Alabama

7. Defendant Jerry Scott, whose better, other and further identity is presently unknown to Plaintiff, and who is upon information and belief a male person over the age of 19 years, is and at all times material hereto was an agent or servant of Country Cottage and is the person who assaulted, and sexually harassed her.

**NATURE OF PROCEEDINGS**

8. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the employer, Country Cottage, from maintaining a policy, practice, custom or usage of discrimination, harassment, and retaliation against

Plaintiff because of her sex and subjecting her to disparate treatment with respect to the terms, conditions and privileges of her employment.

9. The Complaint also seeks front pay in lieu of reinstatement to Plaintiff's job and restitution to Plaintiff of all benefits and income that would have been received by Plaintiff but for the defendants' unlawful, discriminatory, and harassing practices. Further, Plaintiff seeks compensatory and punitive damages from Country Cottage and Jerry Scott for her suffering as a consequence of the wrongs alleged herein.

10. Plaintiff avers that the Defendants acted to deny Plaintiff her rights under the laws of the United States of America and the State of Alabama and such action was designed to harass and to discriminate against Plaintiff, a female, because of her sex.

11. As a proximate result of the illegal actions alleged herein, Plaintiff has been damaged in that she has been deprived of her job, pay, and possible future opportunities for promotion and pay increases as well as caused to suffer great humiliation and mental anguish.

12. Plaintiff avers that the Defendants unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her, to harass her due to her sex, female, invasion of privacy and to retaliate against her, and to subject the Plaintiff to a sexually hostile work environment.

13. Plaintiff avers that Country Cottage, by and through its agents, directors, and employees, harassed her and, intentionally inflicted emotional distress upon her, and permitted no action on behalf of Country Cottage against Jerry Scott for his unlawful actions against her.

14. This action is also brought against Jerry Scott individually, and as an agent of Country Cottage, and directly against Country Cottage for civil rights violations, harassment and to subject the Plaintiff to unwelcomed sexual harassment and a hostile work environment as well as the intentional infliction of emotional distress under the doctrines of supplemental jurisdiction.

## FACTS

15. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

16. Plaintiff is a female.

17. Plaintiff began her employment with Country Cottage around August of 2003 and was employed until or around August 2006. She was employed as a homemaker-personal care assistant by Country Cottage at their Montgomery, Alabama, facility.

18. The Country Cottage workplace was objectively sexually hostile to females, including Plaintiff. The harassment that took place is of such a pervasive nature that the management is well aware of it and accepts it.

19. During the course of her employment, Plaintiff was sexually harassed on a continuing basis by Scott, who works at Country Cottage.

20. On an ongoing basis, Scott touched Plaintiff's body in sexually suggestive ways and would make sexual statements to her.

21. Scott propositioned her on a regular and frequent basis.

22. During the course of her employment, Plaintiff complained to persons higher than Scott in Country Cottage management about the harassment; no prompt, effective, remedial action was taken.

23. The employer in retaliation for Plaintiff's complaints, required Plaintiff to work extra duties, denied lunch breaks and was intermittently removed from the work schedule without cause.

24. Because of the constant harassment and retaliation, and unable to face it, Plaintiff eventually resigned her employment in or about August, 2006.

25. Plaintiff was constructively discharged in that the treatment visited on her was so intolerable that no reasonable woman should have been required to endure it.

## CAUSES OF ACTION

As to each of the following causes of action, Plaintiff expressly adopts as if fully set forth in each cause of action the allegations of all foregoing paragraphs.

## COUNT I – SEXUAL HARASSMENT

26. Plaintiff is a member of a protected class, female.

27. Plaintiff avers that she was the victim of sexual harassment at the hands of her fellow employee, who was aided in his acts of harassment by the existence of the agency relationship between Scott and Country Cottage, thus the acts by Scott of sexual harassment are properly attributable to Country Cottage for their non-action to take resolve the improper conduct.

28. The harassment complained of was because of Plaintiff's sex, female.

29. The harassment was and would have been offensive to a reasonable female person of ordinary sensibilities. The sexual harassment was so severe and pervasive as to adversely alter the terms, conditions and privileges of her employment and unreasonably interfere with her work performance.

30. Plaintiff has suffered embarrassment, humiliation, severe emotional distress, fear, apprehension, anxiety, and mental anguish, and she has been damaged and injured thereby.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Scott committed intentional acts, including touching Plaintiff in sexually suggestive ways, making sexually-oriented remarks to her and about her, and propositioning her.

32. He knew or should have known that his intentional acts would likely cause emotional distress.

33. The act of gratuitously fondling a woman in the workplace is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

34. The emotional distress suffered by Plaintiff was severe, and would have been severe to any reasonable person in Plaintiff's position.

35. The intentional acts committed by Scott were the direct and proximate cause of the emotional distress suffered by Plaintiff.

36. The commission of the acts constituting intentional infliction of emotional distress is properly attributable to Scott and attributable to Country Cottage.

37. Country Cottage was on notice of Scott's predations and took no action upon that notice.

38. Plaintiff has been damaged thereby.

## COUNT III – INVASION OF PRIVACY

39. Plaintiff had an interest in solitude and seclusion as to physical intrusions upon her body.

40. Scott intruded upon Plaintiff's solitude and seclusion by both physical and verbal acts, which acts would have been highly offensive to a reasonable person.

41. Plaintiff has been injured by the acts of Scott.

42. Scott's intrusion upon Plaintiff's solitude and seclusion was the proximate and direct cause of her injuries.

43. The commission of the act of invasion of privacy is properly attributable to Scott and is attributable to Country Cottage.

44. Country Cottage was on notice of Scott's predations, but took no action upon such notice.

45. Plaintiff has been damaged thereby.

## COUNT IV – ASSAULT AND BATTERY

46. Scott touched Plaintiff in a rude, sexually hostile, and unwanted manner.

47. Plaintiff was injured by the touching in that she was caused to suffer fear, apprehension and emotional distress.

48. Scott's touching of Plaintiff created not only an actual emotional injury, but also a fear of the imminent harm of further touching.

49. Plaintiff has been damaged thereby.

## COUNT V – CONSTRUCTIVE DISCHARGE

50. The harassment complained of herein was of such a character as to be intolerable to a female person of ordinary sensibilities.

51. Because of the said harassment, Plaintiff's working conditions were so intolerable that a reasonable person in her position would be compelled to resign.

52. Plaintiff did resign, which resignation amounted to a constructive discharge.

53. Plaintiff has been damaged thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in favor of her and against the defendants as follows:

    a)     Enter a declaratory judgment that the discriminatory and harassing practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

    b)     Permanently enjoin defendant Country Cottage, its agents, successors, officers, employees, attorneys and those action in concert with it or her from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

    c)     Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of sex;

    d)     As against Country Cottage and in favor of Plaintiff, grant Compensatory and Punitive damages for violations of Title VII including sexual harassment and constructive discharge;

e)   As against Country Cottage and in favor of Plaintiff, grant equitable relief to Plaintiff, including back pay and, in lieu of reinstatement, a reasonable sum of money by way of front pay;

f)   As against Country Cottage and Scott, jointly and severally, and in favor of Plaintiff, grant Compensatory and Punitive damages for the intentional torts committed against her under Alabama law;

g)   Grant Plaintiff the cost of this action including attorney's fees and expenses;

h)   Grant such other, further, and different relief, both legal and equitable, as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the __14____ day of __May__, 2007.

_____
Andy Nelms(NEL022)
Plaintiff's Attorney

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

**PLAINTIFF DEMANDS TRIAL BY JURY**

**The Defendant may be served at the following address:**